JOHNSON *against* HUNT.

A contractor for carrying the mail, is not exempt from militia duty. The exemption extends only to persons engaged in the actual conveyance of it.

In an action against the president of a court martial, to recover back a fine, the objection cannot be made, that the person who warned the plaintiff to appear on parade, and before the court martial, was not duly appointed a sergeant, even if the objection could be taken before the court martial.

IN ERROR, on a *certiorari* to a justice's court.

*Hunt,* the plaintiff in the court below, brought an action against the defendant below, the present plaintiff in error, as president of a court martial, to recover back a fine of five dollars, which had been imposed upon, and collected of, the plaintiff below, as a delinquent. The plaintiff, when he appeared before the court martial, claimed an exemption, as being a contractor to carry the military express mail from *Canandaigua* to *Batavia,* but he was not employed in the actual transportation. The person who warned the plaintiff to attend parade, and appear before the court martial, had never received any warrant, or power, from the commandant of the regiment, to act as sergeant. This objection was not made before the court martial, the plaintiff being ignorant of the fact. The justice gave judgment for the plaintiff below.

*Per Curiam.* The plaintiff below being a contractor for carrying the mail, did not exempt him from military duty. The exemption in the act, (sess. 32. c. 145. s. 2.,) of all stage drivers who are employed in the care and conveyance of the mail, &c., evidently extends to the actual carriers of the mail only. The objection that the sergeant, who warned the plaintiff below to appear on the parade, and before the court martial, was not regularly and duly appointed, cannot be made here. If it could have been made at all, it should have been made before the court martial. The plaintiff, having appeared before the court martial, must be deemed to have waived any irregularity in the summons. The sergeant was an officer, *de facto,* and, so far as strangers are concerned, his acts must be deemed valid.

Judgment reversed.